[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2007
THOMAS K. KAHN
CLERK

No. 06-10794
Non-Argument Calendar

_____

D. C. Docket No. 05-00051-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MIKEL LEE FOWLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 4, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

James Mikel Lee Fowler appeals his 66-month sentence after being

convicted of six counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of wire fraud, in violation of 18 U.S.C. § 1343. A jury found Fowler guilty of defrauding one victim out of $1.3 million by convincing him to invest in a non-existent company dedicated to developing sports memorabilia. He challenges his sentence on three grounds: (1) he contends that the district court abused its discretion in refusing to accept his guilty plea thereby denying him a sentence reduction for accepting responsibility; (2) he contends that the district court erred when it applied a sophisticated means sentence enhancement; and (3) he contends that his sentence was unreasonable. After considering all three arguments, we affirm the sentence imposed by the district court.

We first consider the district court's rejection of Fowler's guilty plea and the resulting denial of a 2-level sentence reduction for accepting responsibility. Fowler contends that had the district court allowed him to plead guilty, he would have been entitled to a reduced sentence. We find that even if the district court had accepted Fowler's plea, his refusal to characterize his conduct as fraudulent during his Rule 11 colloquy would have foreclosed the sentence reduction, making any error harmless.

We review a trial judge's decision to reject a guilty plea for an abuse of discretion. United States v. Gomez-Gomez, 822 F.2d 1008, 1010 (11th Cir. 1987).

We also note that a "defendant has no absolute right under the United States Constitution or under Fed. R. Crim. P. 11 to have his guilty plea accepted by the court." Id. (citing Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 498 (1971)). Before a court can accept a guilty plea, it must personally address the defendant in open court. Fed. R. Crim. P. 11(b)(1). During this address, the court must ensure that (1) the plea is voluntary and (2) that a factual basis for the plea exists. Id. 11(b)(2), (3).

During the Rule 11 colloquy, Fowler admitted there was "some merit" to the charges against him but characterized the situation as a "business venture that went wrong." After the government presented the facts it intended to prove at trial, Fowler conceded that what the government said was "true and correct" but then attempted to "explain" some of the facts asserted against him. He argued that many of the false statements he allegedly made were, in fact, true. He claimed that his "business partners" in this venture were legitimate. He argued that the money he spent was his agreed upon "salary" and that the government mischaracterized him as "running wild" and "frivolously tak[ing] the money and go[ing] out and spend[ing] it." He "spent the monies that were paid to [him] as a result of [his] payroll and the agreement that was arrived at between [the victim] and [him]self." He also claimed that, "before any monies were ever spent," the victim "was

advised fully as to what they were being spent for." Finally, Fowler stated: "And if you're asking me whether it's true that . . . there are misrepresentations, [the victim] had every opportunity during the five-year period of time that we did business together to come and stay with me in Orlando to review the books, to go over all the information, to meet the people, to come to the venues that we were a part of."

Based on these statements, the district court concluded that Fowler did not believe he was guilty of fraud and refused to accept his guilty plea. Fowler said that he was "guilty of some of the factors of the crimes" but that the government's case mischaracterized him. He refused to fully admit to the allegations. He characterized the entire situation as a business deal gone bad and suggested that the onus was on the victim to prevent any fraud. Fowler's statements indicate that he thought he was entitled to the money he took as part of his salary for managing a legitimate business venture.

Thus, we will not disturb the district court's decision to reject Fowler's guilty plea because any resulting error was harmless. Fowler did not fully accept responsibility for his conduct and would not have been entitled to a sentence reduction even if his plea had been accepted. United States v. Brown, 47 F.3d 198, 203 (7th Cir. 1995) (denying the defendants's request for a reduction based

4

on acceptance of responsibility where defendants refused to admit to engaging in a scheme to defraud); United States v. Speck, 992 F.2d 860, 863 (8th Cir. 1993) ("A defendant who maintains innocence, blames others, and expresses regret only for the consequences of criminal conduct does not accept responsibility within the meaning of § 3E1.1."). The comments to the Guidelines make clear that a defendant's acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1(a) cmt. n. 3 (2001). To determine whether Fowler adequately accepted responsibility, we base our review on his pre-trial statements and conduct. Id. cmt. n. 2. Based on his statements set out above, it is clear that he did not fully accept responsibility at the Rule 11 colloquy, and he would not have been entitled to a sentence reduction regardless of whether the district court accepted his guilty plea. Therefore, there was no error.

Second, we consider whether the two-level enhancement for use of a sophisticated means to effectuate the fraud was warranted. We review the district court's findings of fact for clear error, but we review de novo its application of the sentencing Guidelines to those facts. United States v. Humber, 255 F.3d 1308, 1311 (11th Cir. 2001). A two-level enhancement is appropriate under U.S.S.G. §

5

2B1.1(b)(8) (2001) if "the offense otherwise involved sophisticated means." Comment six defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Id. cmt. n. 6. Sophisticated means necessitates "more than minimal planning." Humber, 255 F.3d at 1314 (stating that minimal planning and sophisticated means enhancements are mutually exclusive).

Fowler contends that because he did not attempt to hide the funds, the sophisticated means enhancement does not apply. But the note to the rule makes clear that the enhancement is proper when the execution, not just the concealment, of the offense is intricate. U.S.S.G. § 2B1.1(b)(8) cmt. n. 6. The record here shows that Fowler's scheme to defraud lasted more than five years and consisted of various means of deception. Fowler produced literature and fake clothing samples to further his scheme. He used a marketing firm to solicit investors. He claimed to be represented by a well-known Orlando attorney who was representing him in a lawsuit against Coca-Cola, as an means of explaining why the fictitious deal with Coca-Cola was not producing income for the company. He was ultimately responsible for taking over $1.3 million from the victim. After reviewing the undisputed details of the offense, we conclude that the district court did not clearly err in finding that the sophisticated means enhancement was

6

appropriate.

Finally, we consider Fowler's contention that his sentence was unreasonable. In determining whether a sentence is reasonable, we consider the final sentence, in its entirety, in light of the § 3553(a) factors. See United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). The § 3553(a) factors include: "the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Reasonableness review is "deferential" and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Fowler contends that the sophisticated means enhancement was improper and that his failing health makes the district court's sentence greater than necessary to achieve the purposes of sentencing. He argues that cannot be considered a danger to the public and that the district court must take into consideration his need for medical care.

We disagree. The district court properly considered the § 3553(a) factors and fashioned a reasonable sentence in light of the evidence here. The statutory maximum for each count is twenty years, and the Guidelines recommend a sentence between 57 and 71 months. The range used by the district court was correct as we have already determined that the 2-level enhancement for sophisticated means was proper. Fowler's sentence of 66 months is far below both the aggregate statutory maximum and the limit for any single count, and it is near the middle of the Guidelines range.

Although Fowler is in poor health, wire and mail fraud do not require great mobility, making a longer sentence necessary to protect the public. Fowler engaged in a complex, 5-year scheme eventually taking $1.3 million dollars from his victim. There is no indication that Fowler will not receive adequate treatment for his health issues in prison. The district court properly considered the § 3553(a) factors, and Fowler has not meet his burden to show that the resulting sentence was unreasonable.

Our reasonableness review is deferential, and the district court's decision to stay within the Guidelines range after considering the § 3553(a) factors was not unreasonable in this instance.

**AFFIRMED.**